DEAN LLOYD, SBN 104647
Law Offices of Dean Lloyd
445 Sherman Ave., Suite I
Palo Alto, CA 94306
Telephone: (650) 328-1664
Fax: (650) 328-1666
Email: dlloyd.legaljaws@gmail.com

Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:

**JOHN AUSTIN SANDERS**,

Debtor(s).

Case No. 13-30682
Chapter 13

**MOTION TO VALUE AND AVOID
LIEN OF BANK OF AMERICA N.A.,
its successors and/or assignees**

(No Hearing Set)

Debtor hereby moves the court pursuant to F.R.B.P. 3012 and 11 U.S.C. § 506 for an order determining the value of the claim of BANK OF AMERICA, N.A., its successors and/or assignees, and for an order pursuant to 11 U.S.C. §1322 avoiding the lien purportedly held by BANK OF AMERICA, N.A., its successors and/or assignees.

BACKGROUND

1. Debtor filed his voluntary petition under Chapter 13 of the Bankruptcy Code on or about March 25, 2013.

2. Among the assets at the commencement of the case was debtor's principal residence, a condominium unit located at 4000 Farm Hill Blvd. #309, Redwood City, California 94061, Assessor's Parcel Number 110-280-090 ("the Property").

3. The fair market value of the Property at the time of the bankruptcy filing was $377,838.00, as

reflected in the declaration filed herewith.

## FIRST DEED OF TRUST

4. The Property is encumbered by a <u>first</u> deed of trust initially held by BANK OF AMERICA, N.A. ("BOA"). On or about January 25, 2008, for valuable consideration, debtor made, executed, and delivered a promissory note to BOA. As part of the same transaction, debtor executed a deed of trust that conveyed a beneficial interest in the Property to BOA to secure payment of the note (the <u>First</u> Deed of Trust). The <u>First</u> Deed of Trust was duly perfected on February 13, 2008, with the recording of said document in the County of San Mateo as document number 2008- 014939.

5. Debtor is informed and believes that on the day the petition was filed the obligation to BOA, its successors or assignees, on the <u>First</u> Deed of Trust had a principal balance of $421,595.00, as set forth in debtor's Schedule D.

## SECOND DEED OF TRUST

6. The Property is also encumbered by a <u>second</u> deed of trust initially held by BOA. On or about January 25, 2008, for valuable consideration, debtor made, executed, and delivered a promissory note to BOA. As part of the same transaction, debtor executed a deed of trust that conveyed a beneficial interest in the Property to BOA to secure payment of the note (the <u>Second</u> Deed of Trust). The <u>Second</u> Deed of Trust was duly perfected on February 13, 2008 with the recording of said document in the County of San Mateo as document number 2008-014940.

7. Debtor is informed and believes that on the day the petition was filed the obligation to Countrywide Bank, N.A., its successors and/or assignees secured by the <u>Second</u> Deed of Trust had a principal balance of $80,885.00 as set forth in debtor's Schedule D.

8. There is no remaining value in the Property to secure the loan secured by the <u>Second</u> Deed of Trust because the balance due BOA, its successors or assignees on the loan secured by the <u>First</u> Deed of Trust exceeds the value of the Property.

2  MOTION TO VALUE AND AVOID
Case: 13-30682    Doc# 18    Filed: 04/22/13    Entered: 04/22/13 11:50:59    Page 2 of 3

WHEREFORE, the debtor prays that the court determine that the claim of Countrywide Bank, N.A., its successors and/or assignees secured by the <u>Second</u> Deed of Trust is an unsecured claim valued at zero and for an order avoiding the lien should the debtor complete his Chapter 13 Plan and receive a discharge.

Executed on    April 22, 2013             /s/ Dean Lloyd
                                          DEAN LLOYD, SBN 104647
                                          Attorney for Debtors